1
2
3
4  IN THE UNITED STATES DISTRICT COURT
5  FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7  CARLOS CIPRIANO HOUSH,                    No. C 18-6380 WHA (PR)
8         Plaintiff,                         **ORDER GRANTING LEAVE TO
                                             FILE AMENDED COMPLAINT AND
9  v.                                        ORDER OF SERVICE**
10 SAN QUENTIN STATE PRISON
   MEDICAL STAFF; SOLANO STATE
11 PRISON MEDICAL STAFF,
12         Defendants.
                                    /
13
14        Plaintiff, an inmate at the California Medical Facility in Vacaville, California, is

15 proceeding pro se.  He filed this civil rights case under 42 U.S.C. § 1983 against the "medical

16 staff" and "psych staff" at two prisons where he was formerly incarcerated.  He was granted

17 leave to file an amended complaint in which he named the individuals involved in allegedly

18 denying him adequate medical care at San Quentin State Prison.  He has filed the amended

19 complaint and named the two allegedly responsible parties: Clinician Kimberly Stanard, and Dr.

20 Leighton.  When liberally construed, the amended complaint states a cognizable claim against

21 these two individuals for violating plaintiff's Eighth Amendment rights.  Accordingly, it is

22 hereby ordered as follows:

23        1. Leave to file the amended complaint is **Granted**.

24        2. The clerk shall issue summons and the United States Marshal shall serve, without

25 prepayment of fees, a copy of the amended complaint (ECF No. 11), as well as original

26 complaint and the order of dismissal with leave to amend, with all attachments, and a copy of

27 this order upon defendants **Kimberly Stanard and Dr. Leighton** at the **San Quentin State**

28 **Prison.**  A courtesy copy of the complaint with attachments and this order shall also be mailed to

the California Attorney General's Office.

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

2

7.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: December __20____, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.